**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30197 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00032-LRS |
| v. | |
| SAMUEL GORDON LAVERDURE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Samuel Gordon Laverdure appeals from the district court's judgment and

challenges the 8-month custodial sentence and 16-month supervised release term

imposed following revocation of supervised release. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Laverdure contends that his supervised release term is substantively unwillingness to comply with the terms of supervised release. He argues that the district court should have imposed a longer custodial sentence with no supervised release to follow. The district court did not abuse its discretion in imposing Laverdure's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence and term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need to protect the public. *See Gall*, 552 U.S. at 51. Furthermore, contrary to Laverdure's contention, the record reflects that the district court considered his argument that no further term of supervised release should be imposed.

**AFFIRMED.**